IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY THOMAS, Administratrix of the ESTATE of BRANDI JEAN THOMAS, Deceased, on behalf of the ESTATE OF BRANDI JEAN THOMAS, Deceased, and BEVERLY THOMAS, Administratrix of the ESTATE OF BRANDI JEAN THOMAS, Deceased, on behalf of the next of kin of BRANDI JEAN THOMAS.<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF SHARON, ROBERT J. LUCAS, MICHAEL J. MENSTER and JOHN DOE<br><br>    Defendants<br><br>**JURY TRIAL DEMANDED** | CIVIL ACTION NO:<br><br>**COMPLAINT**<br><br>FILED ON BEHALF OF:<br>PLAINTIFF<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>John E. Quinn, Esquire<br>Pa. I.D. #23268<br><br>PORTNOY & QUINN, LLC.<br>FIRM #724<br>One Oxford Centre<br>36th Floor<br>301 Grant Street<br>Pittsburgh, PA 15219<br><br>412-765-3800 |

## COMPLAINT IN CIVIL ACTION

### PARTIES

1. Plaintiff, Beverly Thomas (hereinafter "Plaintiff") is the Administratrix of the Estate of Brandi Jean Thomas, deceased (hereinafter "Decedent), having been duly appointed by the Register of the Probate of Wills of Mercer County, Pennsylvania on July 27, 2007 at 2007-447. The Plaintiff resides in West Middlesex, Mercer County, Pennsylvania.

2. Plaintiff brings this action under the provision of laws hereinafter set forth on behalf of the next of kin of Brandi Jean Thomas, deceased, to recover damages for those persons entitled by law, to-wit:

   a. Heidi Jo Thomas (mother)
      1012-C Street #503
      San Diego, CA 92101

3. Defendant City of Sharon (hereinafter "Defendant City") is a city in Mercer County, duly organized and existing under the laws of the Commonwealth of Pennsylvania.

4. At all times relevant hereto, Defendant City operated and governed the Sharon Police Department pursuant to the laws of the Commonwealth of Pennsylvania.

5. Defendant Robert J. Lucas (hereinafter "Defendant Lucas") resides in Mercer County, Pennsylvania and at all times relevant hereto was the Mayor of the City of Sharon, Mercer County, Pennsylvania, acting within the scope of his employment and the scope of his authority.

6. Defendant Michael J. Menster (hereinafter "Defendant Menster") resides in Mercer County, Pennsylvania and at all times relevant hereto was the Chief of the Sharon Police Department, acting within the scope of his employment and the scope of his authority.

7. Defendant John Doe (hereinafter "Defendant Doe") is a currently unidentified police officer with the City of Sharon Police Department, acting within the scope of his employment and the scope of his authority.

## JURISDICTION

8. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) & (4). This Civil Action arises under 28 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution for the deprivation of Decedent's civil rights.

## VENUE

9. Venue is proper in the Western District of Pennsylvania. Each claim arises out of incidents that occurred in the City of Sharon, County of Mercer, Commonwealth of Pennsylvania and involve Defendants who were acting under the color of state law, statute, ordinance, regulation, custom and/or usage of the Commonwealth of Pennsylvania..

## STATEMENT OF FACTS

10. At all times relevant hereto, Defendant City was acting by and through its agents, servants, employees who were acting within the course and scope of their employment and on behalf of said Defendant. Liability on the part of Defendant City is not predicated on Respondeat Superior or vicarious liability. Liability of the Defendant City is predicated upon said Defendant's deliberate indifference to the rights of Decedent, as established in Monell v. Department of Social Services, 436 U.S. 658 (1978) and its progeny.

11. Defendant City was responsible for the design, creation, promulgation, adoption and/or implementation of the policies, procedures, rules, regulations and/or customs governing the operations and/or management of Sharon Police Department and/or its police officers.

12. Defendant City was responsible for the design, creation, promulgation, adoption and/or implementation of the policies, procedures, rules, regulations and/or customs governing the hiring, supervision, training and/or conduct of Sharon Police Department and/or its police officers.

13. The events herein complained of occurred on the morning of July 13, 2007 in the Sharon Police Department, Mercer County, Pennsylvania.

14. Prior to said date, Decedent had an extensive history of drug use, incarceration, medication, and unsuccessful rehabilitative treatment known to the various Defendants.

15. On said date, at or around 9:45 a.m., Decedent was incarcerated in a holding cell with a solid door in the Sharon Police Department to await transport to the Mercer County Jail.

16. Defendant Doe was responsible for placing the Decedent in said holding cell.

17. During the hour following Decedent's incarceration in the holding cell, Decedent was not monitored or checked on by Defendant Doe, Defendant Menster, or any other agent, servant and or employee of Defendant City.

18. The security camera located near Decedent's holding cell was not functioning and/or otherwise not able to capture the occurrences within said cell.

19. Sometime thereafter, Decedent unsuccessfully attempted suicide by hanging herself from a metal grate using her underwear.

20. Sometime after this initial failed suicide attempt, Decedent committed suicide in the holding cell by hanging herself from a metal grate using her shoelaces.

21. At or around 10:45 a.m., approximately one hour after her incarceration in said holding cell commenced, Decedent's body was found in her holding cell.

22. All of the resultant losses, damages and injuries sustained by Decedent were the direct and proximate result of the Defendants' violations of the Decedent's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

## COUNT I
### Cruel & Unusual Punishment
*Beverly Thomas, Administratrix of the Estate of Brandi Jean Thomas, deceased, on behalf of the Estate of Brandi Jean Thomas, deceased v. City of Sharon*

23. Plaintiff incorporates paragraphs 1 through 22, inclusive, as though set forth at length herein.

24. Defendant City was deliberately indifferent to Decedent's constitutionally guaranteed right to freedom from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution in that:

   a. Defendant City, with deliberate indifference to Decedent's rights, had policies, procedures, rules, regulations and/or customs that permitted the use of cruel and unusual punishment by its police officers; and/or

   b. Each and every act of Defendants Lucas, Menster and Doe was performed pursuant to policies, procedures, rules, regulations and/or customs of Defendant City, which were formulated by or with the knowledge of and approval of Defendant City; and/or

   c. Defendant City, with deliberate indifference to Decedent's rights, failed to have policies, procedures, rules, regulations and/or customs prohibiting the use of cruel and unusual punishment by its police officers; and/or

   d. In the alternative, if Defendant City had policies, procedures, rules, regulations and/or customs prohibiting the use of cruel and unusual punishment while incarcerated in violation of the United States Constitution, they are inadequate, which inadequacy was known to

5

Defendant City, and Defendant City failed to act upon the inadequacy despite substantial danger of cruel and unusual punishment; and/or

e. Defendant City failed to adequately train and/or supervise its police officers in the prevention of cruel and unusual punishment; and/or

f. Defendant City, with deliberate indifference to Decedent's rights, knew its police officers were engaged in the use of cruel and unusual punishment; and/or

g. Defendant City, with deliberate indifference to Decedent's rights, failed to implement, policies, procedures, rules, regulations and/or customs to insure that any implements that could be used for self-inflicted harm were not accessible to the Decedent, including, but not limited to, her shoelaces and underwear; and/or

h. In the alternative, if such policies, procedures, rules, regulations and/or customs existed, Defendant City, with deliberate indifference to Decedent's rights, failed to enforce such policies to insure that any implements that could be used for self-inflicted harm were not accessible to the Decedent, including, but not limited to, her shoelaces and underwear; and/or

i. Defendant City, with deliberate indifference to Decedent's rights, failed to adequately monitor Decedent's health and well-being for approximately one hour, in violation of any applicable policies; and/or

j. Defendant City, with deliberate indifference to Decedent's rights, failed to insure its security cameras were functioning and appropriately installed to insure the perseveration of Decedent's health and well-being while incarcerated; and/or

k. Given the Decedent's record of incarceration, drug abuse and failed rehabilitative treatment, Defendant City had knowledge that leaving Decedent unmonitored for this length of time constituted cruel and unusual punishment; and/or

l. Defendant City, with deliberate indifference to the Decedent's rights, inadequately trained and/or supervised its police officers, including Defendants Menster and Doe, in the prevention of cruel and unusual punishment, when Defendant City knew that there were no policies, procedures, rules, regulations and/or customs pertaining to the use of cruel and unusual punishment and as such, posed a risk for the use of cruel and unusual punishment; and/or

6

    m. Defendant City, with deliberate indifference to Decedent's rights, inadequately trained and/or supervised its police officers, including Defendants Menster and Doe, in the prevention of cruel and unusual punishment, when Defendant City knew or should have known that there were policies, procedures, rules, regulations and/or customs that permitted the use of cruel and unusual punishment and as such, posed a risk for the use of cruel and unusual punishment.

25. As a direct and proximate result of Defendant City's violations of the Decedent's constitutionally guaranteed rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, Decedent was subject to the unnecessary and wanton infliction of pain resulting in death, consistent with cruel and unusual punishment.

26. As a direct and proximate result of the foregoing violations by Defendant City, Plaintiff claims damages for the conscious physical pain, suffering, inconvenience, humiliation and embarrassment sustained by the Decedent as well as the loss of earnings which the Decedent may have earned during the remainder of her life, less personal maintenance costs.

27. As a direct and proximate result of the foregoing violations by Defendant City, Plaintiff claims monies expended for legal fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Sharon, together with attorney's fees and costs.

## COUNT II
### Cruel & Unusual Punishment
*Beverly Thomas, Administratrix of the Estate of Brandi Jean Thomas, deceased, on behalf of the Estate of Brandi Jean Thomas, deceased, v. Robert J. Lucas*

28. Plaintiff incorporates paragraphs 1 through 27, inclusive, as though set forth at length herein.

7

29. Defendant Lucas was deliberately indifferent to Decedent's constitutionally guaranteed right to freedom from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the United States Constitution in that, in his official capacity as Mayor of the City of Sharon:

 a. With deliberate indifference to Decedent's rights, he failed to insure that Defendant City had policies, procedures, rules, regulations and/or customs in place that prohibited the use of cruel and unusual punishment by its police officers; and/or

 b. With deliberate indifferent to Decedent's rights, he failed to prevent Defendant City from implementing policies, procedures, rules, regulations and/or customs that permitted the use of cruel and unusual punishment by its police officers; and/or

 c. In the alternative, if Defendant City had policies, procedures, rules, regulations and/or customs in place prohibiting the use of cruel and unusual punishment while incarcerated they are inadequate, which inadequacy was known to Defendant Lucas, and Defendant Lucas failed to act upon the inadequacy despite substantial danger of cruel and unusual punishment; and/or

 d. With deliberate indifference to Decedent's rights, he failed to prevent Defendants Menster and Doe from treating Decedent in such a manner so as to inflict wanton and unnecessary pain, and thereby using cruel and unusual punishment; and/or

 e. With deliberate indifference to Decedent's rights, failed to insure that Defendant City's police officers were adequately trained and/or supervised in the prevention of cruel and unusual punishment; and/or

 f. With deliberate indifference to Decedent's rights, he had knowledge that Defendant City's police officers were engaged in the use of cruel and unusual punishment; and/or

 g. With deliberate indifference to Decedent's rights, he failed to insure implementation of policies, procedures, rules, regulations and/or customs to guarantee that any implements that could be used for self-inflicted harm were not accessible to the Decedent, including, but not limited to, her shoelaces and underwear; and/or

 h. With deliberate indifference to Decedent's rights, he failed to insure Defendant City's security cameras were functioning and appropriately

      installed in order to preserve Decedent's health and well-being while incarcerated; and/or

i. With deliberate indifference to Decedent's rights, he had the knowledge that the security cameras in the Sharon Police Department were not functioning and/or were not appropriately installed in order to preserve Decedent's health and well-being while incarcerated; and/or

j. Given the Decedent's record of incarceration, drug abuse, medication and failed rehabilitative treatment, Defendant Lucas had knowledge that leaving Decedent unmonitored for this length of time constituted cruel and unusual punishment; and/or

k. With deliberate indifference to the Decedent's rights, he inadequately trained and/or supervised the Defendant City's police officers, including Defendants Menster and Doe, in the prevention of cruel and unusual punishment, when Defendant Lucas knew that there were no policies, procedures, rules, regulations and/or customs pertaining to the use of cruel and unusual punishment and such, posed a risk for the use of cruel and unusual punishment; and/or

l. With deliberate indifference to Decedent's rights, inadequately trained and/or supervised the Defendant City's police officers, including Defendants Menster and Doe, in the prevention of cruel and unusual punishment, when Defendant Lucas knew or should have known that there were policies, procedures, rules, regulations and/or customs that permitted the use of cruel and unusual punishment and as such, posed a risk for the use of cruel and unusual punishment; and/or

m. With deliberate indifference to Decedent's rights, he inadequately trained and/or supervised the Defendant City's police officers, including Defendants Menster and Doe, in the prevention of cruel and unusual punishment, when Defendant Lucas knew or should have known that the policies, procedures, rules, regulations and/or customs in place to prohibit the use of cruel and unusual punishment were not being observed and as such, posed a risk for the use of cruel and unusual punishment.

30. As a direct and proximate result of Defendant Lucas' violations of the Decedent's constitutionally guaranteed rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, Decedent suffered unnecessary and wanton infliction of pain resulting in death, consistent with cruel and unusual punishment.

31. As a direct and proximate result of the foregoing violations by Defendant Lucas, Plaintiff claims damages for the conscious physical pain, suffering, inconvenience, humiliation and embarrassment sustained by the Decedent as well as the loss of earnings which the Decedent may have earned during the remainder of her life, less personal maintenance costs.

32. As a direct and proximate result of the foregoing violations by Defendant Lucas, Plaintiff claims monies expended for legal fees and costs.

33. As a direct and proximate result of the foregoing violations by Defendant Lucas, Plaintiff claims punitive damages pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against the Defendant Robert J. Lucas, together with attorneys' fees and costs.

### COUNT III
### Cruel & Unusual Punishment
*Beverly Thomas, Administratrix of the Estate of Brandi Jean Thomas, deceased, on behalf of the Estate of Brandi Jean Thomas, deceased, v. Michael J. Menster*

34. Plaintiff incorporates paragraphs 1 through 33, inclusive, as though set forth at length herein.

35. Defendant Menster was deliberately indifferent to Decedent's constitutionally guaranteed right to freedom from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the United States Constitution in that, in his official capacity as Chief of the City of Sharon Police Department, he:

> a. With deliberate indifference to Decedent's rights, he failed to insure that Defendant City had policies, procedures, rules, regulations and/or customs in place that prohibited the use of cruel and unusual punishment by its police officers; and/or

b. With deliberate indifferent to Decedent's rights, he failed to prevent Defendant City from implementing policies, procedures, rules, regulations and/or customs that permitted the use of cruel and unusual punishment by its police officers; and/or

c. In the alternative, if Defendant City had policies, procedures, rules, regulations and/or customs in place prohibiting the use of cruel and unusual punishment while incarcerated, they are inadequate, which inadequacy was known to Defendant Menster, and Defendant Menster failed to act upon the inadequacy despite substantial danger of cruel and unusual punishment; and/or

d. With deliberate indifference to Decedent's rights, he failed to prevent Defendants Doe from treating Decedent in any such manner so as to inflict wanton and unnecessary pain, and thereby using cruel and unusual punishment; and/or

e. With deliberate indifference to Decedent's rights, he failed to insure that Defendant City's police officers were adequately trained and/or supervised in the prevention of cruel and unusual punishment; and/or

f. With deliberate indifference to Decedent's rights, he had knowledge that Defendant City's police officers were engaged in the use of cruel and unusual punishment; and/or

g. With deliberate indifference to Decedent's rights, he failed to insure implementation of policies, procedures, rules, regulations and/or customs to guarantee that any implements that could be used for self-inflicted harm were not accessible to the Decedent, including, but not limited to, her shoelaces and underwear; and/or

h. With deliberate indifference to Decedent's rights, he failed to insure that Defendant City's security cameras were functioning and appropriately installed in order to preserve Decedent's health and well-being while incarcerated; and/or

i. With deliberate indifference to Decedent's rights, he had the knowledge that the security cameras in the Sharon Police Department were not functioning and/or were not appropriately installed in order to preserve Decedent's health and well-being while incarcerated; and/or

j. With deliberate indifference to Decedent's rights and given the Decedent's record of incarceration, drug abuse, medication and failed rehabilitative treatment, he had knowledge that leaving Decedent unmonitored for this length of time constituted cruel and unusual punishment; and/or

Case 2:09-cv-00026-JEC Document 1 Filed 01/02/2009 Page 11 of 14

    k. With deliberate indifference to the Decedent's rights, he inadequately trained and/or supervised the Defendant City's police officers, including Defendants Doe, in the prevention of cruel and unusual punishment, when Defendant Menster knew that there were no policies, procedures, rules, regulations and/or customs preventing the use of cruel and unusual punishment and as such, posed a risk for the use of cruel and unusual punishment; and/or

    l. With deliberate indifference to Decedent's rights, he inadequately trained and/or supervised the Defendant City's police officers, including Defendant Doe, in the prevention of cruel and unusual punishment, when Defendant Menster knew or should have known that there were policies, procedures, rules, regulations and/or customs that permitted the use of cruel and unusual punishment and as such, posed a risk for the use of cruel and unusual punishment; and/or

    m. With deliberate indifference to Decedent's rights, he inadequately trained and/or supervised the Defendant City's police officers, including Defendant Doe, in the prevention of cruel and unusual punishment, when Defendant Menster knew or should have known that the policies, procedures, rules, regulations and/or customs in place to prohibit the use of cruel and unusual punishment were inadequate and/or not being observed and as such, posed a risk for the use of cruel and unusual punishment.

36. As a direct and proximate result of Defendant Menster's violations of the Decedent's constitutionally guaranteed rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, Decedent suffered unnecessary and wanton infliction of pain resulting in death, consistent with cruel and unusual punishment.

37. As a direct and proximate result of the foregoing violations by Defendant Menster, Plaintiff claims damages for the conscious physical pain, suffering, inconvenience, humiliation and embarrassment sustained by the Decedent as well as the loss of earnings which the Decedent may have earned during the remainder of her life, less personal maintenance costs.

38. As a direct and proximate result of the foregoing violations by Defendant Menster, Plaintiff claims monies expended for legal fees and costs.

39. As a direct and proximate result of the foregoing violations by Defendant Menster, Plaintiff claims punitive damages pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against the Defendant Michael J. Menster, together with attorneys' fees and costs.

### COUNT IV
### Cruel & Unusual Punishment
*Beverly Thomas, Administratrix of the Estate of Brandi Jean Thomas, deceased, on behalf of the Estate of Brandi Jean Thomas, deceased, v. John Doe*

40. Plaintiff incorporates paragraphs 1 through 39, inclusive, as though set forth at length herein.

41. Defendant Doe was deliberately indifferent to Decedent's constitutionally guaranteed right to freedom from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the United States Constitution in that:

    a. With deliberate indifference to Decedent's rights and given the Decedent's record of incarceration, drug abuse, medication and failed rehabilitative treatment, he had knowledge that leaving Decedent unmonitored for this length of time constituted cruel and unusual punishment; and/or

    b. With deliberate indifference to Decedent's rights, he treated Decedent in such a manner so as to inflict wanton and unnecessary pain, and thereby used cruel and unusual punishment; and/or

    c. With deliberate indifference to Decedent's rights, he failed to insure Defendant City's security cameras were functioning and appropriately installed in order to preserve Decedent's health and well-being while incarcerated; and/or

    d. With deliberate indifferent to Decedent's rights, he failed to follow Defendant City's policies, procedures, rules, regulations and/or customs that prohibiting the use of cruel and unusual punishment by its police officers.

13

42. As a direct and proximate result of Defendant Doe's violations of the Decedent's constitutionally guaranteed rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, Decedent suffered unnecessary and wanton infliction of pain resulting in death, consistent with cruel and unusual punishment.

43. As a direct and proximate result of the foregoing violations by Defendant Doe, Plaintiff claims damages for the conscious physical pain, suffering, inconvenience, humiliation and embarrassment sustained by the Decedent as well as the loss of earnings which the Decedent may have earned during the remainder of her life, less personal maintenance costs.

44. As a direct and proximate result of the foregoing violations by Defendant Doe, Plaintiff claims monies expended for legal fees and costs.

45. As a direct and proximate result of the foregoing violations by Defendant Doe, Plaintiff claims punitive damages pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands judgment against the Defendant John Doe, together with attorneys' fees and costs.

Respectfully submitted,

PORTNOY & QUINN, LLC

BY s/John E. Quinn
    John E. Quinn, Esquire
    Pa. I.D. #23268
    One Oxford Centre
    36th Floor
    301 Grant Street
    Pittsburgh, PA 15219
    412-765-3800